In re Johnny Lee CANNON, Debtor.

Johnny Lee CANNON, Plaintiff,

v.

WRIGHT'S MOTOR
COMPANY, Defendant.

Bankruptcy No. 1–84–01651.
Adv. No. 1–85–0095.

United States Bankruptcy Court,
E.D. Tennessee.

June 26, 1985.

A. Christian Lanier, III, Chattanooga, Tenn., for plaintiff.

Arthur C. Grisham, Jr., Chattanooga, Tenn., for defendant.

### ORDER

RALPH H. KELLEY, Bankruptcy Judge.

The defendant filed a motion requesting the court to determine whether this adversary proceeding is a non-core proceeding under 28 U.S.C.A. § 157(b), (c). The court denied the motion because the defendant did not state any grounds for wanting a decision.

■ The defendant has filed a motion to reconsider. The motion to reconsider includes several arguments that need not be addressed. The only point that needs to be made is that the statute requires the court to rule on a motion to determine if a matter is a core proceeding, even if the moving party does not propose any action on its part based on a decision one way or the other. Specifically 28 U.S.C.A. § 157(b)(3) provides:

> The bankruptcy judge shall determine, on the judge's own motion or on timely motion of a party, whether a proceeding is a core proceeding under this subsection or is a proceeding that is otherwise related to a case under title 11. A determination that a proceeding is not a core proceeding shall not be made solely on the basis that its resolution may be affected by State law.

■ The complaint alleges that when the defendant sold the plaintiff an automobile, the defendant violated the federal Truth In Lending Act, the Tennessee Consumer Protection Act, and the federal law requiring an odometer statement. The complaint also alleges that the defendant breached the sale contract and violated other Tennessee statutes by failing to furnish the plaintiff with proper registration or the documents necessary to obtain it. The complaint states that any recovery will be an asset of the plaintiff's bankruptcy estate. The prayer for relief is for damages in the amount of $14,000, which includes actual and punitive damages and a reasonable attorney's fee.

In its motion, the defendant states that it is not listed as a creditor in the plaintiff's bankruptcy and has not filed a proof of claim. The bankruptcy case file supports this statement.

28 U.S.C.A. § 157(b)(2) attempts to define "core" proceedings as follows:

> (2) Core proceedings include, but are not limited to—
>
> (A) matters concerning the administration of the estate;
>
> (B) allowance or disallowance of claims against the estate or exemptions from property of the estate, and estimation of claims or interest for the purposes of confirming a plan under chapter 11 or 13 of title 11 but not the liquidation or estimation of contingent or unliquidated personal injury tort or wrongful death claims against the estate for purposes of distribution in a case under title 11;
>
> (C) counterclaims by the estate against persons filing claims against the estate;
>
> (D) orders in respect to obtaining credit;
>
> (E) orders to turn over property of the estate;
>
> (F) proceedings to determine, avoid, or recover preferences;
>
> (G) motions to terminate, annul or modify the automatic stay;
>
> (H) proceedings to determine, avoid, or recover fraudulent conveyances;
>
> (I) determinations as to the dischargeability of particular debts;
>
> (J) objections to discharges;
>
> (K) determinations of the validity, extent, or priority of liens;
>
> (L) confirmations of plans;
>
> (M) orders approving the use or lease of property, including the use of cash collateral;
>
> (N) orders approving the sale of property other than property resulting from claims brought by the estate

against persons who have not filed claims against the estate; and

(O) other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship, except personal injury tort or wrongful death claims.

This adversary proceeding does not fit into any of the descriptions above. It also is not a core proceeding simply because recovery by the plaintiff debtor will be for the benefit of his bankruptcy estate. See *Northern Pipeline Constr. Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598, 9 Bankr.Ct.Dec. 67, 6 Coll.Bankr.2d 785 (1982).

In the cited case the Supreme Court held that the bankruptcy court could not constitutionally have jurisdiction of the plaintiff debtor's breach of contract action against the defendant because of the bankruptcy judge's lack of tenure as required by Article III of the Constitution. The Supreme Court suggested that some matters arising in a bankruptcy case could, however, be decided by a non-Article III court.

The present jurisdiction statutes reflect this reasoning. Core proceedings were intended to include matters subject to final decision by the bankruptcy judge and only appellate review by the district court. In a core proceeding a party has no guarantee of trial level action by the district judge who has tenure under Article III. 28 U.S.C.A. §§ 157 & 1334(c). In a non-core proceeding the parties are treated essentially as if the bankruptcy judge is a magistrate. The bankruptcy judge can only make a recommendation to the district judge unless the parties consent to a final decision. The bankruptcy judges' recommendation is subject to *de novo* review by the district judge. 28 U.S.C.A. § 157(c).

The most serious constitutional questions involve the denial of an Article III court to litigants in *core* proceedings. This suggests that the courts should give a broad range to non-core proceedings and a narrow range to core proceedings. This proceeding, however, needs no such approach since it is clearly a non-core proceeding.

Accordingly, it is ordered that the defendant's motion is granted and this adversary proceeding is held to be a non-core or related proceeding under 28 U.S.C.A. § 157(b), (c).